NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-9

STATE OF LOUISIANA

VERSUS

FRANK E. DEAN III

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 13-92
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Van H. Kyzar, Judges.

Cooks, J., concurs in part and dissents in part.

AFFIRMED.

**M. Craig Colwart**
**St. Mary Parish I.D. Board**
**P. O. Box 1226**
**Franklin, LA 70538**
**(337) 828-3628**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**M. Bofill Duhe**
**Iberia Parish**
**District Attorney**
**W. Claire Howington**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Richard Allen Spears**
**101 Taylor Street**
**New Iberia, LA 70560**
**(337) 367-1960**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Frank E. Dean III**

**EZELL, Judge.**

On January 11, 2013, Defendant, Frank E. Dean, III, was charged by bill of information with the second degree battery of Chad Flores, in violation of La.R.S. 14:34.1. On May 3, 2016, Defendant pled guilty as charged and the trial court set sentencing for June 17, 2016, which was continued by defense motion until July 7, 2016.

At Defendant's sentencing hearing, Defendant filed a "JOINT MOTION TO CONTINUE" claiming, "Defense counsel has been made aware of facts involving this case which require investigation and due diligence before the defendant is sentenced." The trial court denied said motion, at which time defense counsel filed a motion to withdraw plea, which was also denied. Defendant then verbally asked for a reconsideration, which the trial court likewise denied.

The trial court noted Defendant had prior felony convictions for simple kidnapping, possession of CDS II (cocaine), and possession of a firearm by a convicted felon, as well as eight misdemeanor convictions and a pending domestic abuse battery charge. In light of Defendant's extensive criminal history, much involving violence against persons or property, the trial court found that "a sentence less than the five years hard labor would definitely deprecate the seriousness of this offense, the seriousness of the charge, the extent of damages, and [Defendant's] criminal history." In addition to a maximum sentence of five years at hard labor, the trial court also included a $1,000 fine. The trial court denied a verbal request to reconsider sentence and set bond at $250,000, pending appeal, in light of his "atrocious" criminal history. Defendant now timely appeals his conviction and sentence, alleging three assignments of error. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS

At Defendant's May 3, 2016 guilty plea, the State gave the following factual basis, to which Defendant agreed:

> The evidence if the case went to trial: on the night of October 20th, 2012, the defendant, Frank Dean, and a Gretchen Mitchell were arguing in the parking lot of the Camp Lounge located on Highway 14 in Iberia Parish. Chad Flores walked nearby. The defendant struck Mr. Flores breaking his nose, knocking a tooth out, knocking him unconscious. This was witnessed by an Ashley Trahan and her aunt, Nancy Segura, who's now deceased. But they informed then Iberia Parish Sheriff detective Anthony Solano who happened to be walking up to go into the Camp Lounge what the[y] had seen. Detective Solano proceeded to where Frank Dean was standing and found Chad Flores lying on the ground unconscious.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

In Defendant's first assignment of error, he alleges that the trial court abused its discretion when it denied the "JOINT MOTION TO CONTINUE" (joint motion) filed on the day of sentencing. His entire argument is based upon *State v. Barnes*, 11-1186 (La.App. 4 Cir. 8/29/11), 72 So.3d 939. *Barnes* is distinguishable from the present case, and we find that Defendant's argument lacks merit.

In *Barnes*, the fourth circuit stated "that it is an abuse of the trial court's discretion to deny a motion for continuance when both sides in a criminal case agree to a continuance *of trial*." 72 So.3d at 939 (emphasis added). Additionally, *Barnes* cites La.Code Crim.P. art. 707 as a basis for this determination. Louisiana Code of Criminal Procedure Article 707 is found in the "Procedures Prior to Trial" portion of the code, and additionally requires that the motion to continue be filed "at least seven days prior to the commencement of trial." In the instant case,

2

Defendant showed up on the day of sentencing, which had already been continued once, with the joint motion. As noted above, the joint motion contained no details regarding what "facts" counsel had "been made aware of" or how those facts might actually affect the case. The trial court specifically stated that it felt Defendant's attempts to postpone sentencing were "a delaying tactic." In light of the distinction between *Barnes* and the case at bar, we find the trial court did not abuse its discretion in denying the joint motion, as La.Code Crim.P. art. 707 applies to pre-trial continuances and is, thus, inapplicable. Furthermore, even if La.Code Crim.P. art. 707 were to apply, Defendant failed to timely make his motion to continue.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant's second assignment of error is that the trial court erred in "[d]enying [his] Motion to Withdraw the Plea." Defendant has provided this court with no actual argument as to why the motion to withdraw should have been granted, and merely stated: "The defense then entered a motion to withdraw the plea based on the need for more investigation. This motion was unopposed by the State. Nonetheless, it was denied without even being read by the trial court."

Despite Defendant's claim that the trial court did not read the motion, it did note in denying the motion that it had "no information to suggest that the plea was entered without his volition and knowingly." The actual motion alleges the following:

> Defense counsel has been made aware of facts which may shed new light on a defense of self-defense unknown to the defendant at the time of trial. A witness, upon information and belief, will testify to facts unknown at the time of the incident which would cause this Honorable Court to consider allowing the defendant to withdraw his plea and be set again on the trial docket, in the interests of justice.

Because Defendant has failed to actually put forward a cognizant argument as to why his motion to withdraw his guilty plea should have been granted, the

3

assignment of error lacks merit and is considered abandoned for failure to properly brief the issue. *See* Uniform Rules—Courts of Appeal, Rule 2-12.4(A)(9).

## ASSIGNMENT OF ERROR NUMBER THREE

Defendant's final assignment of error is that the trial court erred in "[s]entencing [Defendant] to the [m]aximum [s]entence." Defendant later notes that, "Ultimately, the defendant was sentenced to the maximum sentence of five years at hard labor. The defendant objected to said sentence." See La.R.S 14:34.1(C) as it provided at the time of the offense in 2013. This is the sum total of Defendant's discussion of his sentence. He does not allege the sentence was excessive, nor does he give any other argument for why the trial court's decision to sentence him to a maximum sentence was in error. Accordingly, this assignment of error lacks merit and is considered abandoned for failure to properly brief the issue under Uniform Rules—Courts of Appeal, Rule 2-12.4(A)(9).

## DECREE

Based upon the foregoing, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

STATE OF LOUISIANA

VERSUS

FRANK E. DEAN III

**Cooks, J., concurs in part and dissents in part.**

I dissent from that portion of the opinion addressing Assignment of Error Number Two. The articulated basis asserted by defendant and the lack of objection by the State sufficiently warrants a hearing below and a subsequent ruling by the trial court based on the evidence presented. I agree with the opinion in all other respects.